**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAY RENFROW,**

**Plaintiff,** **CASE NO.:**

**-vs-**

**PORTFOLIO RECOVERY ASSOCIATES, LLC, a foreign limited liability company,**

**Defendant.**
_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JAY RENFROW, sues the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, a foreign limited liability company, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for pendant state law claims.

3. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), and the rules and regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Rules and Regulations"), in addition to Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et*

*seq.* (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

4. The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**FACTUAL ALLEGATIONS**

1. Plaintiff, JAY RENFROW, is a natural person over the age of eighteen (18), who resides in Pinellas County, Florida.

2. Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

5. At all times material hereto, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC., (hereafter "PORTFOLIO RECOVERY"), was and is a foreign limited liability company, authorized to conduct business and conducting business in Florida, with its principal office in Norfolk Virginia.

6. At all times material hereto, Defendant PORTFOLIO RECOVERY did transact business in Pinellas County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

7. As described herein, Defendant PORTFOLIO RECOVERY employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect alleged debts from Plaintiff.

8. Defendant PORTFOLIO RECOVERY intentionally harassed and abused Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can reasonably be expected to harass.

9. On or about July 24, 2012, Plaintiff received a letter from Defendant PORTFOLIO RECOVERY regarding an attempt to collect an alleged debt of $2,593.89 on behalf of Capital One Bank, N.A.

10. Thereafter, Defendant PORTFOLIO RECOVERY began initiating calls to Plaintiff's cellular telephone number, (727) 470-1703, in an attempt to collect the above described alleged debt.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 470-1703, and was the called party and recipient of Defendant PORTFOLIO RECOVERY's above described calls.

12. Plaintiff has received numerous letters and approximately two-hundred (200) calls on his aforementioned cellular telephone number from Defendant PORTFOLIO RECOVERY since July of 2012 with respect to the above described alleged debt, and the calls and letters continue through the date of filing of this Complaint.

13. Upon information and belief, the telephone calls at issue were placed by Defendant PORTFOLIO RECOVERY using an "automated telephone dialing system" or "autodialer," which has the capacity to store or produce telephone numbers to be called, using a

random or sequential number generator; and to dial such numbers, as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

14. Defendant PORTFOLIO RECOVERY initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

15. Additionally, none of the telephone calls at issue were placed by Defendant PORTFOLIO RECOVERY to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

16. Defendant PORTFOLIO RECOVERY has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

17. Defendant PORTFOLIO RECOVERY willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

18. Despite actual knowledge of its wrongdoing, Defendant PORTFOLIO RECOVERY continued the campaign of abuse.

19. Defendant PORTFOLIO RECOVERY's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

20. Defendant PORTFOLIO RECOVERY's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

21. Defendant PORTFOLIO RECOVERY has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

22. Defendant PORTFOLIO RECOVERY followed its corporate policy when attempting to communicate with the Plaintiff.

23. Defendant PORTFOLIO RECOVERY has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

24. Defendant PORTFOLIO RECOVERY has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

**COUNT I - VIOLATION OF THE TCPA**

25. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-four (24), as if fully set forth herein.

26. None of the calls at issue were placed by Defendant PORTFOLIO RECOVERY to Plaintiff's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

27. Furthermore, none of the calls at issue were placed by Defendant PORTFOLIO RECOVERY to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

28. Defendant PORTFOLIO RECOVERY willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

29. The TCPA provides Plaintiff with a private right of action against Defendant PORTFOLIO RECOVERY for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant PORTFOLIO RECOVERY for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and and for such other relief as this Court deems just and proper.

**COUNT II - VIOLATION OF THE FCCPA**

30. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-four (24), as if fully set forth herein.

31. At all times material to this action Defendant PORTFOLIO RECOVERY was and is subject to and must abide by the law of Florida, including section § 559.72, Florida Statutes.

32. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

33. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

34. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate.

35. Defendant PORTFOLIO RECOVERY's actions have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by Florida Statutes § 559.77, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant PORTFOLIO RECOVERY for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper

**COUNT III - VIOLATION OF THE FDCPA**

36. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-four (24), as if fully set forth herein.

37. Plaintiff has been the object of collection activity by Defendant PORTFOLIO RECOVERY arising from an alleged consumer debt.

38. Defendant PORTFOLIO RECOVERY is a "debt collector" as defined by the FDCPA.

39. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited

under 15 U.S.C. §1692c(b) by leaving voicemail messages on Plaintiff's voice mail in such a way as to disclose information regarding Plaintiff and/or his debts to third parties.

40. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call,, in such a way as to fail to provide a meaningful disclosure of its identity.

41. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692d(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

42. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

43. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

44. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

45. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

46. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

47. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692g(b) by failing to cease collection efforts until the alleged debt was validated.

48. Defendant PORTFOLIO RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692g(b) by failing to provide Plaintiff with verification of the debt or a copy of a judgment, and the name and address of the original creditor, if different than the current creditor.

49. Defendant PORTFOLIO RECOVERY's actions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, lost financing opportunities and financing terms making life more expensive for Plaintiff; and attorney fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant PORTFOLIO RECOVERY for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

David P. Mitchell, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 067249
Attorney for Plaintiff
Primary: DMitchell@ForThePeople.com
Secondary: VMarrero@ForThePeople.com